The notice here filed did not comply with the statute, and, construing it liberally (as we are required to do by section 22 of the same act), it is unintelligible, and no one can determine from it the ground upon which the lien is claimed,—whether for materials furnished, or to be furnished, or for labor performed, or to be performed; and in other respects it is just as indefinite and defective. The statement in the notice is:

"Third. The name of the person by whom the lienor was employed, or to whom he furnished, or is to furnish, materials, is J. Pacheteau, and the person with whom the contract was made is J. Pacheteau. Fourth. The labor performed or to be performed is mantels and fixtures, and the materials furnished or to be furnished, and the agreed price or value thereof, is four hundred and seventy-five (475) dollars. Fifth. The amount unpaid to the lienor for such labor or and materials is four hundred and seventy-five (475) dollars. Sixth. The time when the first items of work was performed, or and materials were furnished, was October 5th, and the time when the last items of work was performed, or and materials furnished, was October 18th."

It does not require argument to demonstrate that this notice does not comply with the statute, and it cannot be construed in such a way as to enable the plaintiff to derive any benefit from it. The liberal construction provided for in the statute assumes that the statute has, at least in form, been complied with, and that was not done here. To give this notice any other construction would, in effect, be holding that a lien might be acquired by the filing of a notice, no matter how defective, and irrespective of whether or not it complied with the statute at all.

The judgment appealed from, therefore, must be reversed, with costs, and the complaint dismissed, with costs. All concur, except PATTERSON, J., who dissents.

---

(70 App. Div. 548.)

### HEDGES v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

OPINION EVIDENCE—HARMLESS ERROR.

Allowing a physician to testify, "This asthmatic condition, in my opinion, could have been the result of some violence," in answer to question whether the asthma which plaintiff had after the accident "could have been caused" by such an injury as she received, is harmless; another physician having given substantially the same answer to a question substantially the same, except that it included the words "reasonable certainty," and it appearing that plaintiff never before had asthma, and did have it immediately after the injury to her chest.

Appeal from trial term, New York county.

Action by Candice P. Hedges against the Metropolitan Street Railway Company. From judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Theodore H. Lord, for appellant.
Otto H. Droege, for respondent.

PER CURIAM. The plaintiff was injured by a collision with one of the defendant's cars at the "Circle" at Fifty-Ninth street while she was riding her bicycle; and the negligence averred is that the motorman, after motioning to her to cross the track, ran into her. The single question urged upon this appeal from the judgment entered on the verdict of the jury in favor of the plaintiff for $1,500 is whether error was committed by the court in permitting one of the physicians to be asked whether the asthmatic condition which he observed in the plaintiff, and the attack of asthma which he found to have occurred a few days after the accident, "could have been caused" by reason of the plaintiff's receiving an injury by coming into contact with some large body with sufficient violence to cause the injury he observed. The question was objected to as incompetent and improper, but was allowed under exception, and the answer was: "This asthmatic condition, in my opinion, could have been the result of some violence. That is as far as I know." The question was not asked whether, in his opinion, the plaintiff's asthma was so caused. Previously, however, the physician had testified that a few weeks prior to the accident he had noticed no difficulty with her breathing, and that on the evening of the accident he found her suffering great pain and difficulty in breathing, and he examined her chest, and found she was suffering from an attack of asthma and coughing. And he explained that asthma has its typical sign, which is difficulty in getting breath through the bronchial tubes, pain under the chest bone and on the side, increased by any exertion, which gives rise to the peculiar breathing, and "that is all there is to the attack of asthma." He also said, "An attack of asthma always presupposes that there must be an asthmatic condition of the patient at the time," and it sometimes comes from nervous shock, or fright would bring it on. No exception was taken to this, which is similar testimony to that excepted to. The physician also testified that he set the plaintiff's ribs. The plaintiff testified that the doctor was sent for to relieve her difficulty in breathing; that she had never had trouble in breathing before the accident, but now had severe attacks of asthmatic trouble. Another physician testified that he had seen the plaintiff two days before the accident, as she had a severe headache, and she then had no symptoms of asthma,—none whatever,—and that asthma was one of his specialties. He was then asked if, with reasonable certainty, he could give an opinion whether that attack of asthma could have been produced by reason of the plaintiff's coming in violent contact with a heavy body; and, after some colloquy with the court, he answered that, in his opinion, physical injuries may be the cause of asthmatic conditions, but he had no knowledge of this case. It will be seen that substantially the same question was asked of the two physicians, except that in the latter case the words "reasonable certainty" were used, and both answered affirmatively that physical injuries might produce asthmatic conditions. The first question, therefore, although it did not include the words "reasonable certainty," was not really prejudicial; and, moreover, the question whether the injury here resulted in asthma was not asked. Apart

from this, however, we have the positive testimony that the plaintiff was never before troubled with her breathing or with asthma, and, when seen by physicians before the accident, showed no such symptoms, but when seen after it, and as she herself testifies, she had an attack of asthma. When it is further remembered that the plaintiff broke a rib, which had to be set, and that she suffered pain, and had difficulty with her breathing, as the result of the accident, and that asthma is such difficulty in breathing, and that the complaint avers that the accident and shock brought on an attack of asthma, there was sufficient evidence properly presented upon which the jury could return a verdict.

There was no exception to the charge, nor any request to charge. No mention was made in it of asthma; but the jury was left to determine on the whole evidence what with reasonable certainty were the direct and natural results of the defendant's negligence. We think, therefore, that the error, if any, was not prejudicial, or such as would require a reversal. The judgment and order should accordingly be affirmed, with costs.